**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KREVOLIN & HORST, LLC,

**Case No.: 6:20-mc-00041-RBD-LRH**

Plaintiff,

vs.

LIFEFORCE CRYOBANK SCIENCES, INC.,

Defendant.
______________________________________/

**AMENDED APPLICATION FOR WRIT OF EXECUTION**
**WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff KREVOLIN & HORST, LLC (hereinafter, "Judgment Creditor"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 69, submits this application for issuance of a writ of execution by the Clerk of the United States District Court for the Middle District of Florida, Orlando Division, to enforce a money judgment on Defendant LIFEFORCE CRYOBANK SCIENCES, INC., a Delaware (hereinafter, "Judgment Debtor"), in the form as attached hereto as Exhibit "**A**". In support of said application, Judgment Creditor states as follows:

1. The Clerk of the Court shall issue a writ of execution to enforce a money judgment upon application of the judgment creditor. [Fed. R. Civ. P. 69(a), deferring to Fla. R. Civ. P. 1.560(a)].

2. On October 21, 2020, the Attorney Fee Judgment was entered by the

United States District Court for the Northern District of Georgia, Civil Action File No. 1:17-CV-04235-ELR, in favor of Judgment Creditor and against Judgment Debtor in the amount of Five Hundred Seventy-Nine Thousand One Hundred Five Dollars and 80/100 ($579,105.80) (the "Judgment"), a copy of which is attached hereto as Exhibit "**B**".

3. On November 4, 2020, the Judgment was registered in this Court. [Doc. 1].

4. Since the entry of the Judgment on October 21, 2020, at least $862.15 in interest has accrued on the Judgment (based on accrual of interest at 0.13% for 418 days).

5. To date, the Judgment and interest remain entirely unpaid and interest continues to accrue at the prevailing rate. No credit is owed as the Judgment Debtor has not made any payment nor satisfied the Judgment in any form.

6. The Judgment is final as the time for filing a motion for new trial or rehearing has long passed.

7. Judgment Creditor seeks to levy upon the nonexempt funds and property of Judgment Debtor for payment of the Judgment.

## MEMORANDUM OF LAW

Pursuant to Rule 69 of the Federal Rules of Civil Procedure this Court is authorized to issue a writ of execution to enforce a final money judgment. Fed. R.

Civ. P. 69(a)(1). The process to enforce a judgment for the payment of money must be by a writ of execution, unless the court directs otherwise. Fed. R. Civ. P. 69(a)(1); *see Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 178 (2d Cir. 2017). When a judgment involves intangible assets, such as intellectual property rights in a patent, trademark, or copyright, which are not subject to a writ of execution, the court may employ other legal or equitable procedures for enforcement. *See Marshak v. Green,* 746 F.2d 927, 930 (2d Cir. 1984). In this case, Judgment Creditor seeks to enforce a judgment for the payment of money.

## A. State Law Controls Except When Explicit Federal Law Governs

Federal Rule of Civil Procedure 69(a)(1) states the following:

> Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Pursuant to Rule 69(a)(1), the procedure on execution, and in proceedings supplementary to and in aid of a judgment, must be in accordance with the practice and procedure of the state in which the district court is located, except to the extent that any statute of the United States governs. Fed. R. Civ. P. 69(a)(1); *Caribbean Mgmt. Grp. v. Erikon LLC,* 966 F.3d 35, 42 (1st Cir. 2020). This provision has the effect that in proceedings in federal court to enforce a judgment, the state execution practices and procedures ordinarily must be followed to the extent that no federal

statute or rule is applicable. *See Koehler v. Bank of Berm., Ltd.*, 544 F.3d 78, 87 (2d Cir. 2008); and *see Indep. Living Ctr. of S. Cal., Inc. v. Kent, 909 F.3d 272, 282 (9th Cir. 2018).* In this instance, there is no such applicable federal statute or rule governing the procedure on execution.

**B. <u>Florida's Procedure</u>**

In Florida, "[e]xecutions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe." Fla. R. Civ. P. 1.550(a). "There is no need, either for purposes of finality, or for obtaining a writ of execution, for a money judgment to provide for execution to issue". *Friedman v. Friedman*, 825 So. 2d 1010, 1011 (Fla. 4th DCA 2002).

**C. <u>Registration Makes Judgment Local Judgment</u>**

When a party registers a judgment in a district, the judgment becomes a judgment of the court where registered and has the same effect as though it had been rendered by the registering court. *Del Prado v. B N Dev. Co*., 602 F.3d 660, 665 (5th Cir. 2010); *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965). Therefore, the court that registers a judgment has the power to hear motions with respect to enforcement of the judgment. 3 Moore's Manual, *Federal Practice and Procedure* § 26.124 (2021). Registration of a judgment is the equivalent of a new judgment and is more than a procedural device for collection on a foreign judgment. *Id.* Thus, the judgment has the same effect as a judgment of the registering district court, and the registering

court has a broad range of supplementary proceedings involving third parties to assist the court in the protection and enforcement of the judgment, including attachment, garnishment, mandamus, and the avoidance of fraudulent conveyances. *Id.* (citing *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002)). In this instance, the Judgment was registered in this Court on November 4, 2020. [Doc. 1].

**D. Conclusion**

For the foregoing reasons, Judgment Creditor Krevolin & Horst, LLC is entitled to the issuance of a writ of execution by this Court against Judgment Debtor Lifeforce Cryobank Sciences, Inc.

WHEREFORE Judgment Creditor Krevolin & Horst, LLC respectfully requests issuance of a Writ of Execution directed to Judgment Debtor Lifeforce Cryobank Sciences, Inc. in the form attached as Exhibit "**A**".

Respectfully submitted this 13th day of December, 2021.

**Winderweedle, Haines, Ward**
**& Woodman, P.A.**
P.O. Box 880
Winter Park, FL 32790
Tel: (407) 423-4246

*/s/ Richard B. Weinman*
Richard B. Weinman
Florida Bar No.: 231370
rweinman@whww.com
Ryan E Davis
Florida Bar No.: 179851

rdavis@whww.com
*Attorneys for Judgment Creditor Krevolin & Horst, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2021, the above and foregoing document has been furnished to the Clerk of the Court using the CM/ECF System which will send notice of electronic filing to all counsel of record.

*/s/ Richard B. Weinman*
Richard B. Weinman