**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KREVOLIN & HORST, LLC,

**Case No.: 6:20-mc-00041-RBD-LRH**

Plaintiff,

vs.

LIFEFORCE CRYOBANK SCIENCES, INC.,

Defendant.

_______________________________/

**PLAINTIFF'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD THIRD PARTIES WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, KREVOLIN & HORST, LLC ("Plaintiff"), by its undersigned attorneys, pursuant to Rule 69 of the Federal Rules of Civil Procedure and Florida Statute §56.29(1), hereby moves this Court to commence supplementary proceedings and to implead Cord for Life, Inc., a Florida corporation ("CFL"), and in support states as follows:

## BACKGROUND

1. Plaintiff initiated this action against LIFEFORCE CRYOBANK SCIENCES, INC. ("Lifeforce") in the Superior Court of Fulton County, Georgia, seeking unpaid legal services (the "Fees Litigation"). On October 24, 2017, Lifeforce removed the superior court action to the United States District Court for the Northern District of Georgia, Civil Action File No. 1:17-CV-04235-ELR.

2. A judgment was entered in favor of Plaintiff against Lifeforce for the entire amount of attorneys' fees and costs owed by Lifeforce to Plaintiff, which was reduced to a judgment on October 21, 2020 in the amount of $579,105.80, including Plaintiff's expenses of litigation (the "Judgment"). *See* ¶ 2 of Plaintiff's Affidavit of Judgment Lien and in Support of Motion for Proceedings Supplementary ("Plaintiff's Affidavit") attached hereto as Exhibit **"A".**

3. On November 4, 2020, the Judgment was registered in this Court. [Doc. 1].

4. On November 29, 2021, Plaintiff filed a Judgment Lien Certificate[1] with the Florida Secretary of State in accordance with Fla. Stat. § 55.201 *et. seq.* relating to the Judgment. *See* ¶ 4 of Plaintiff's Affidavit.

5. The Judgment Lien remains unsatisfied, is valid and outstanding. *See* ¶ 5 of Plaintiff's Affidavit.

6. Plaintiff has not received satisfaction of the Judgment, in whole or in part. *See* ¶ 6 of Plaintiff's Affidavit

7. Shortly after the Plaintiff initiated the Fees Litigation, Syed M. Raheel ("Mr. Raheel"), who was and is the chief executive, president and sole director of Lifeforce, formed CFL.

---

[1] Certificate No.: J21000612394.

8. Mr. Raheel caused the Articles for Incorporation for CFL to be filed on December 27, 2017 with the Division of Corporations of the Florida Department of State. *See* Exhibit **"B."**

9. According to the Articles for Incorporation for CFL, and the annual reports filed by CFL and Lifeforce with the Florida Department of State, both CFL and Lifeforce share the same principal place of business at 270 Northlake Boulevard, Suite 1012, Altamonte Springs, FL 32701, and list Mr. Raheel as the only officer or director for the entities. *See* Exhibit "B".

10. On or about March 1, 2018, Lifeforce and CFL purportedly entered into the Asset Purchase Agreement ("APA"). As is further set in Plaintiff's Impleader Complaint attached hereto as Exhibit **"C"**:

i. pursuant to the APA, Lifeforce transferred all or substantially all of its assets and liabilities to CFL, *except for* Lifeforce's liabilities to Plaintiff;

ii. Lifeforce was insolvent at the time its assets were transferred in that its liabilities exceeded its assets; and

iii. Lifeforce did not receive reasonably equivalent value in exchange for the assets transferred to CFL.

11. Current employees of CFL, who were previously employed with Lifeforce, testified to the fact that CFL and Lifeforce (a) have common or identical ownership (Mr. Raheel); (b) common employees; (c) have identical addresses; (d)

share the same telephone and fax numbers; and (d) purport to run *precisely the same* business.[2]

12. Lifeforce and CFL also readily admit in their pleadings that both CFL and Lifeforce "operates a clinical lab and cryogenic processing and storage facility".[3]

13. Prior to CFL's formation, Lifeforce had rebranded and operated for several years under the name Cord for Life.

14. Lifeforce ceased conducting business after the formation of CFL. Lifeforce eventually transferred substantially all of its assets to CFL.

15. CFL did not provide consideration or reasonably equivalent value to Lifeforce for the transfer of Lifeforce's assets to CFL.

16. CFL was formed for the purpose of, and is used to, shield monies and assets generated by or previously held by Lifeforce, and those monies and assets were transferred to CFL.

17. CFL is merely an alter ego of Lifeforce and/or a continuation or reincarnation of Lifeforce under a different name.

---

[2] *See* Doc. 5 at 3-9 & Ex. 2 and 5.

[3] *Compare* Doc. 4 at 10 ("CFL operates a clinical lab and cryogenic processing and storage facility…") *with* Am. Cmplt., *Lifeforce Cryobank Sciences, Inc. dlb/a Lifeforce Cryobanks v. RSUI Indemnity Co.,* No. 2019-CA-003040 (18th Cir. Ct., Seminole Cnty., Fla.) (Jan. 6, 2020) ("Lifeforce … operates a licensed and accredited clinical lab and cryogenic processing and storage facility.") (Ex. 6-Amended Complaint).

**MEMORANDUM OF LAW**

## A. INTRODUCTION

Under Fed. R. Civ. P. 69, this Court has authority to enforce the Judgment and the Judgment Lien in accordance with the practice and procedure of Florida. Rule 69 states, in relevant part:

> . . . The procedure on Execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. . .

18. In Florida, Proceedings Supplementary governed by Florida Statutes § 56.29 are post judgment remedies by which a judgment creditor may subject property belonging to a judgment debtor to the satisfaction of a judgment. Any person that holds an "unsatisfied judgment or judgment lien…may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding…." Fla. Stat. §56.29(1). Upon submission of such information, "the judgment holder…is entitled to these proceedings supplementary to execution." *Id.* The statute "must be given liberal construction to afford a judgment creditor the most complete relief possible." *Wieczoreck v. H&J Buildings, Inc.,* 450 So.2d 867, 871 (Fla. 5th DCA 1984),

*certified question answered,* 475 So.2d 227 (Fla. 1985); *MCI Telecommunications Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1539 (S.D. Fla. 1995).

Fla. Stat. § 56.29(9) allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution. Proceedings Supplementary are effective tools for discovering a debtor's property once it is determined that the debtor currently does not have assets in his possession to satisfy a creditor's judgment. For instance, a court may also reach a debtor's asset in the hands of a successor under the theory of successor liability, i.e. mere continuation, de facto merger, alter ego or fraudulent transfer. *See Amjad Munim, MD., P.A. v. Azar*, 648 So.2d 145 (Fla. 4th DCA 1995); *MCI Telecommunications Corp.*, 913 F. Supp. at 1540 ("Where the evidence so warrants, the court may order that the corporate veil be pierced and that the corporation's alter ego be made liable for the judgment").

**B. THE PLAINTIFF HAS MET THE STATUTORY REQUIREMENTS FOR PROCEEDINGS SUPPLEMENTARY**

All of these prerequisites for proceedings supplementary have been met. Plaintiff has an unsatisfied judgment in the amount of $579,105.80. [Doc. 1]. Plaintiff provides an affidavit to this Motion identifying the issuing court, case number, and the unsatisfied amount of the Judgment and Judgment Lien, and averring that the Judgment Lien is valid and outstanding. *See* ¶¶ 1-6 of Plaintiff's

Affidavit. The Plaintiff's Affidavit also describes Lifeforce's nonexempt property, debt or other obligation due to Lifeforce in the hands of third parties which may be applied toward the satisfaction of the Judgment. *See id.* at ¶ 8. Plaintiff is therefore entitled to institute proceedings supplementary.

**C. THE COURT SHOULD IMPLEAD THIRD PARTIES AND GRANT PLAINTIFF LEAVE TO FILE THE IMPLEADER COMPLAINT**

Fla. Stat. § 56.29(2) governs the procedure for impleading third parties. Pursuant to § Fla. Stat. 56.29(2), "[t]he judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment."

> Compliance with these prerequisites provides the predicate for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings. *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). Additionally, "[w]here the evidence so warrants, the court may order that the corporate veil be pierced and that the corporation's alter ego be made liable for the judgment." *Id.* **A judgment creditor does not have to make a prima facie showing that the party to be impleaded holds the assets subject to the judgment**. *Office Building, LLC v. CastleRock Sec., Inc.*, 2011 U.S. Dist. LEXIS 47812, 2011 WL 1674963, *2 (S.D. Fla. May 3, 2011). In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp.2d 1306, 1310 (M.D. Fla. 2011). After being impleaded, the third party must appear

> and show cause as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012).

*Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-cv-62688-Bloom/Valle, 2019 U.S. Dist. LEXIS 90546, at *4-5 (S.D. Fla. May 30, 2019) (emphasis added).

In instituting proceedings supplementary, the Court can implead third parties based on being the recipients of fraudulent transfers. S*ee Zurich Servs. Corp. v. Prof'l Mgmt. Servs. Grp.,* No. 8:13-CV-1896-T-30EAJ, 2015 U.S. Dist. LEXIS 56882, at *5 (M.D. Fla. Apr. 14, 2015). Additionally, the corporate veil may be pierced if it is shown that a corporation was organized or used to mislead creditors or to perpetrate fraud on them. *See Riley v. Fatt,* 47 So. 2d 769, 773 (Fla. 1950). Courts will look behind the corporate entity to hold liable the individuals who compose it if there is a showing of fraud or some illegal purpose. *Gershuny v. Martin McFall Messenger Anesthesia, P.A.,* 539 So. 2d 1131, 1133 (Fla. 1989).

As more fully set forth in the Impleader Complaint attached hereto as Exhibit "C", Plaintiff has a reasonable and justified good faith belief that CFL is the successor or continuation of Lifeforce, the alter ego of Lifeforce, or a fraudulent transferee of substantially all of Lifeforce's assets. CFL was formed and used to defraud Lifeforce's creditors, concealing income generated by Lifeforce, evading

Lifeforce's financial obligations, and avoiding the enforcement of the Judgment against Lifeforce and its assets. Therefore, CFL is appropriately impleaded into this case.

**D. THE COURT SHOULD ISSUE A "NOTICE TO APPEAR" TO CORD FOR LIFE, INC. PURSUANT TO FLORIDA STATUTES § 56.29(2)**

The statutory procedure of Florida Statutes § 56.29(2) provides that the Court shall issue a "Notice to Appear" directing a person identified in the motion to prepare and file an affidavit with the court, by a date certain (not less than seven business days from the date of service of the Notice to Appear), in the manner set forth in the statute, explaining why the property, debt or other obligation described in the motion should not be applied to satisfy the judgment. The party must include in its affidavit all factual defenses. Additionally, the Notice to Appear must specifically identify the property, debt and/or other obligation the judgment creditor seeks to have applied toward the judgment, shall allow that party to present defenses and shall notify that party of its right to seek discovery and of its right to a trial by jury. This preliminary procedure does not decide the substantive rights, but merely warns the party that the Plaintiff has its eyes on the property in the party's possession to satisfy their judgment so that they may be afforded the right to defend against the Plaintiff's claims.

The proposed Notices to Appear for CFL is attached hereto as Exhibit **"D".**

## E. CONCLUSION

In conclusion, proceedings supplementary are appropriate in this case and a Notice to Appear should be issued to CFL.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(a) granting this Motion to Commence Proceedings and to Implead Third Parties;

(b) to implead Cord for Life, Inc. as a party to the proceedings supplementary to execution;

(c) issuing a Notice to Appear to Cord for Life, Inc. pursuant to Florida Statutes § 56.29(2);

(d) deem the Impleader Complaint attached hereto as filed, *nunc pro tunc* to the filing of this Motion;

(e) ordering Cord for Life, Inc. to respond to the Impleader Complaint within twenty (20) days after service;

(f) awarding Plaintiff reasonable attorneys' fees and costs for these proceedings pursuant to § 56.29(8); and,

(g) to grant such further relief as the Court deems just and proper.

Dated this 23rd day of December, 2021.

Respectfully submitted,

*<u>/s/ Richard B. Weinman</u>*
Richard B. Weinman
Florida Bar No.: 231370
rweinman@whww.com
Ryan E Davis
Florida Bar No.: 179851

rdavis@whww.com
**Winderweedle, Haines, Ward
& Woodman, P.A.**
P.O. Box 880
Winter Park, FL 32790
Tel: (407) 423-4246
*Attorneys for Plaintiff Krevolin & Horst, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2021, the above and foregoing document has been furnished to the Clerk of the Court using the CM/ECF System which will send notice of electronic filing to all counsel of record.

*/s/ Richard B. Weinman*
Richard B. Weinman
Florida Bar No.: 231370