**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KREVOLIN & HORST, LLC

Plaintiff,

vs. Case No. 6:20-mc-00041-RBD-LRH

LIFEFORCE CYROBANK
SCIENCES, INC.

Defendant.
____________________________________/

**DEFENDANT LIFEFORCE CRYOBANK SCIENCES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD THIRD PARTIES WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, LIFEFORCE CRYOBANK SCIENCES, INC. ("Defendant" or "Lifeforce"), by and through its undersigned counsel, hereby files its Response in Opposition (the "Response") to the Motion to Commence Proceedings Supplementary and to Implead Third Parties with Incorporated Memorandum of Law (the "Motion") filed by Plaintiff, KREVOLIN & HORST, LLC ("Plaintiff" or "Krevolin"). In short, while proceedings supplementary are an available process to judgment creditors, Krevolin failed to follow the procedural requirements or show that initiating a proceeding supplementary is proper in this instance. In support of this Response, Lifeforce states as follows:

## INTRODUCTION

In its Motion, Krevolin requests that the Court commence proceedings supplementary in this action. [D.E. 16]. Krevolin further requests that this Court implead Cord for Life, Inc. ("CFL") as a party to the proceedings supplementary to execution and issue a Notice to Appear to CFL. *Id.* Krevolin's Motion improperly seeks to circumvent the requirements for initiating proceedings supplementary in Federal Court, while simultaneously seeking the exact relief in a Florida State Court action. Furthermore, Krevolin's Motion is based on a tenuous fraud theory bolstered by misstated facts and unsubstantiated accusations, intended to liken Lifeforce to CFL, when in actuality, Lifeforce and CFL are legitimate, separate entities. For these reasons, as further discussed below, Krevolin's Motion should be denied in its entirety.

## FACTUAL BACKGROUND

1. Lifeforce was founded in approximately June 2009 as a cryogenic processing and storage facility. *See* January 5, 2022 Declaration of Syed M. Raheel (the "Raheel Dec.") attached hereto as Exhibit 1 at ¶ 2.

2. In 2015, the CFL name was registered with the intent that one day, CFL would be incorporated as a company that focuses on using cord blood for regenerative and medical purposes. *Id.* at ¶ 3.

3. CFL was incorporated in December 2017, and on March 1, 2018, CFL entered into an Asset Purchase Agreement with Lifeforce. *Id.* at ¶¶ 4, 8.

4. Lifeforce informed Krevolin of the Asset Purchase Agreement as part of the underlying lawsuit. *Id.* at ¶¶ 8, 9.

5. On October 21, 2020, a judgment was entered in favor of Krevolin against Lifeforce,[1] which Krevolin registered in this Court on November 4, 2020. [D.E. 1].

6. Since the judgement against Lifeforce was registered in this Court, Krevolin has had over a year to complete post-judgment discovery in aid of its efforts to collect on its judgment. In this time, Krevolin has deposed various non-parties and attempted to serve non-party subpoenas. *See, e.g.*, D.E. 5 (arguing that the non-party subpoenas should not be quashed); D.E. 5-2 (excerpting sections from the deposition of Mr. Donald Hudspeth); D.E. 5-5 (excerpting sections from the deposition of Ms. Kelli Cable).

7. On December 6, 2021, Krevolin filed a motion seeking the issuance of a writ of Execution and amended its motion on December 13, 2021. [D.E. 13, 15].

8. Then on December 23, 2021, before an order granting Krevolin's Amended Motion for Writ of Execution was entered (and before a Writ of Execution

[1] Although suit in the underlying action was originally brought against Lifeforce and Mr. Syed M. Raheel, Mr. Raheel was dismissed from the underlying action.

was issued), Krevolin filed the instant Motion and corresponding affidavit. [D.E. 16, 16-1].

9. Krevolin's Motion for Writ of Execution was granted on January 4, 2022, and issued on January 5, 2022. [D.E. 18, 19].

10. Lifeforce remains an active entity for the purpose of pursuing a claim against its insurance carrier for the legal fees Krevolin seeks. The lawsuit against Lifeforce's insurance carrier—currently pending in the Eighteenth Judicial Circuit in and for Seminole County, Florida (Case No. 2019-CA-003040)—is for Krevolin's benefit. Exh. 1, ¶ 10.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

Krevolin's Motion is its latest in a series of improper attempts to join CFL in the instant lawsuit. Krevolin now seeks to initiate proceedings supplementary and implead CFL, even though doing so is procedurally improper and the purported factual basis for impleading CFL is premised on demonstrably inaccurate facts.

### I. Krevolin did not meet the statutory requirements for proceedings supplementary.

#### A. *Krevolin did not possess an unsatisfied writ of execution at the time the Motion was filed.*

Under Florida law, there must be a "valid and outstanding" judgment or lien as a prerequisite to moving for supplementary proceedings. *See* Fed. R. Civ. P. 69; Fla. Stat. § 56.29(1). To that point, a judgment creditor must provide an affidavit

stating that attempts to collect on the judgment has failed, and the sheriff must hold an unreturned, unsatisfied writ of execution. *See, e.g.*, *Puleo v. Golan*, 201 So. 3d 37, 43 (Fla. 3d DCA 2014) (holding that "returning an unsatisfied writ of execution against [the judgment debtor] and providing an affidavit to that effect," *inter alia*, were requirements under section 56.29, Fla. Stat.); *Lahav Flooring & Fixtures, Inc. v. Weinstein*, 590 So. 2d 1055, 1056 (Fla. 3d DCA 1991) (holding that when "[t]he sheriff did not hold an unreturned, unsatisfied writ of execution," an action for supplementary proceedings did not comply with section 56.29, Fla. Stat.).

Although this Court has since entered an order granting Krevolin's Motion for Writ of Execution (*see* D.E. 18), at the time this Motion was filed, a writ of execution had not been issued and the affidavit Krevolin provides does not (and could not) speak to that point. *See* D.E. 16-1. In fact, the writ of execution was not issued until January 5, 2021. As such, there was no "valid and outstanding" judgment—a clear requirement under Florida law. *See Weinstein*, 590 So. 2d at 1056; Fla. Stat. § 56.29(1). The Motion should be denied because the statutory prerequisites were not satisfied at the time this Motion was filed.

**B. *Krevolin has not amended its Motion or Affidavit to correct its initial misstatement.***

Since the order granting Krevolin's Motion for Writ of Execution was entered, Krevolin has not amended its Motion or corresponding affidavit to assert that the prerequisites for supplementary proceedings have been satisfied. Amending the

Motion is particularly critical in this case because Krevolin hastily asks[2] this Court to deem the Impleader Complaint "filed, *nunc pro tunc* to the filing of this Motion," *i.e.*, December 23, 2021; and for CFL to "respond to the Impleader Complaint within twenty (20) days after service."[3] [D.E. 16, p. 10]. As this Response is not due to be filed until January 6, 2021, Krevolin's proposed deadlines are impractical and falsely assume that impleading CFL is proper, which it is not.

## II. CFL should not be impleaded.

### A. *Krevolin's Motion seeks to initiate duplicative proceedings in Federal and Florida State Court.*

Krevolin's Motion unnecessarily taxes judicial resources and creates the real risks of inconsistent results. On this point, and what Krevolin's Motion fails to disclose to this Court, is that Krevolin filed a nearly identical action in the Eighteenth Judicial Circuit, in and for Seminole County, Florida State Court on December 22, 2021 (the "State Court Action"). A true and correct copy of the Complaint, Case No. 2021-CA-002999 (Fla. 18th Cir. Ct., Dec. 22, 2021), is attached hereto as Exhibit 2. Krevolin's Impleader Complaint includes the same four causes of action

---

[2] Further evidencing Krevolin's rushed Motion is its failure to confer with counsel for Lifeforce prior to filing the Motion, as required by Middle District Local Rule 3.01(g). *See* D.E. 17, ¶ 1 (counsel for Krevolin was not able to confer with counsel for Lifeforce prior to filing the Motion). Instead Krevolin's counsel waited until four days later to confer on the Motion. *Id.* at ¶ 2 (counsel for the parties conferred on December 27, 2021).

[3] It is unclear from the relief sought in the Motion whether Krevolin is asking CFL to respond to the Impleader Complaint within 20 days after service of the Impleader Complaint, the Notice to Appear, or something else.

alleged in its State Court Action: two against CFL under successor liability and alter ego theories, and two against Lifeforce and CFL for actual and constructive fraud. *Compare* [D.E. 16-3] *with* Exh. 2. The only notable difference is that the Impleader Complaint includes a fifth cause of action brought for avoidance of fraudulent transfer under Fla. Stat. § 56.29. *See* D.E. 16-3, pp. 15-16 (Count III).

This Court should not allow a judgment creditor, such as Krevolin here, to initiate and litigate almost duplicative proceedings in two different forums. Doing so requires Lifeforce (and CFL) to defend both actions incurring additional and otherwise unnecessary expenses. This Court should further deny Krevolin's Motion in the interest of limiting inconsistent judgments.

**B. *Krevolin reasons for impleading CFL are unsupported.***

While proceedings supplementary are a post-judgment remedy available to judgment creditors, they are not without bounds and subject to equitable principles. Fla. Stat. § 56.29(6); *see also Heritage Corp. of South Fla., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 01-003519-CIV-HUCK, 2008 WL 4858244 (S.D. Fla. Nov. 10, 2008) (recommending that a motion for supplemental proceeding be denied even though "the technical requirements to commence proceedings supplementary under section 56.29, Florida Statutes" were met). Here, Krevolin alleges in its Motion an at best tenuous relationship between Lifeforce and CFL,

when the actual relationship between Lifeforce and CFL is legitimate and well defined.

In claiming that "CFL is merely an alter ego of Lifeforce and/or a continuation or reincarnation of Lifeforce under a different name" (Motion, ¶ 17), Krevolin relies on misstated facts, unsupported accusations from the Impleader Complaint (*see* Motion, ¶ 10), and *ipse dixit* arguments without any support whatsoever. *Id.* at ¶¶ 13-16. To the extent that Krevolin "cites" to deposition testimony (*id.* at ¶ 11) and CFL and Lifeforce's pleadings (*id.* at ¶ 12), these "citations" mischaracterize and conflate the actual statements.

As previously explained in the Non-Parties Cord for Life, Inc. and Syed M. Raheel Motion's to Quash or Modify Non-Party Subpoenas, or in the Alternative, Motion for Protective Order ([D.E. 11]), the "[c]urrent employees of CFL" Krevolin references in its Motion (Motion, ¶ 11) were deposed in their capacity as board members of Cord For Life Foundation, Inc.—a separate organization—and have very little understanding of the organizational structure of CFL. [D.E. 11]. Selectively conflating and excerpting their deposition testimony to inflammatorily claim that CFL and Lifeforce "purport to run *precisely the same* business" was untrue in the Response, and untrue here. *Id.* (emphasis in Motion, ¶ 11).

Furthermore, Krevolin's claim that "Lifeforce and CFL also readily admit in their pleadings that both CFL and Lifeforce 'operates a clinical lab and cryogenic

processing and storage facility'" (Motion, ¶ 12) is incorrect. Krevolin only arrives at this conclusion by selectively omitting that CFL *primarily* focuses on "medical research and approved therapy/regenerative medicinal use," whereas Lifeforce was *only* a cryogenic processing and storage facility. *See* D.E. 11, pp. 5-6. To suggest that Lifeforce and CFL are the same business based on that description is akin to, and just as ridiculous as, arguing that a butcher and chef are the same occupation because both jobs include a similar task: preparing meats. Defendant and CFL are not the same business.

**C. *Krevolin has made no attempt to collect from Lifeforce*.**

Since the judgment was registered in this Court, Krevolin has failed to conduct *any* post-judgment discovery on the judgment debtor, Lifeforce. Krevolin has instead deposed various non-party deponents (*see* D.E. 5-2 and 5-5), and purported to serve other non-parties (which the non-parties have moved to quash). [D.E. 4]. When Krevolin's latest non-party discovery efforts were met with valid opposition, Krevolin is now seeking to implead CFL based on the same theories raised in its Response to the Motion to Quash. *See* D.E. 5.

Rather than seek discovery from the actual judgment debtor, Krevolin seeks to improperly implead third parties in an improper attempt to harass them. As Fla. Stat. § 56.29 is based on equitable principles, the Court should deny the Motion.[4]

**III. Krevolin's requested Notice to Appear does not describe property with reasonable particularity and its request should therefore be denied.**

Under § 56.29(2), a judgment creditor seeking the issuance of a Notice to Appear must describe—in its motion for proceedings supplementary or a supplemental affidavit—"any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." *Id.* Provided that the judgment creditor does so, "then the court shall issue a Notice to Appear." *Id.* Nonetheless, "[t]he Notice to Appear must *describe with reasonable particularity* the property, debt, or other obligation that may be available to satisfy the judgment." *Id.* (emphasis added). After being served, the recipient of the Notice to Appear then has the opportunity to respond to the Notice to Appear, to present defenses, to pursue discovery, and to a jury trial. *See id.* The Notice to Appear must provide notice of these rights. *See id.*

---

[4] Krevolin did not even move for a writ of execution until more than a year after it registered its judgment in this Court. *See* D.E. 13.

Here, Krevolin has attached to its Motion a proposed Notice to Appear for this Court to issue. [D.E. 16-4]. The proposed Notice to Appear includes the following five categories of "property, debt, or obligation held by [CFL]":

> All equipment, computers, furniture, fixtures, cash and all other tangible personal property, including, without limitation, inventories, wherever located, including all stem cell materials in storage, all collected blood samples in process, spare parts and all other materials and supplies to be used or consumed in the processing of blood, collection of stem cells from processed blood and storage of stern cells, together with any insurance on such property, which are not exempt from execution.
>
> All funds maintained with any financial institution, which are not exempt from execution.
>
> All receivables, including, without limitation, all debts, trade and customer accounts receivable arising from service (specifically including future commissions and/or residuals on all future premiums paid by accounts), notes receivable, insurance proceeds receivable, and any other obligations identified as an asset in books or records related to assets, which are not exempt from execution.
>
> All contracts, franchises, franchise rights, patents, trademarks, and other intangible property, including, without limitation, customer accounts and other rights to provide services to customers, which are not exempt from execution.
>
> All rights relating to deposits and prepaid expenses, claims for refunds and rights to offset in respect thereof, which are not exempt from execution.

Collectively, the described property seeks "including, without limitation," practically all of CFL's property, comprised of "all" tangible personal property, funds at financial institutions, receivables, contracts, and rights to refunds and deposits. Krevolin's use of catch-alls in its proposed Notice to Appear fails to describe property with reasonable particularity as required by the Florida statutes.

*See, e.g.*, *KHI Liquidation Tr. v. S&T Painting*, 8:17-MC-133-T-35JSS, 2018 WL 1726435, at *3 (M.D. Fla. Apr. 10, 2018) (holding that the property descriptions in the notices to appear failed to meet the "reasonable particularity" standard and "reminding" the judgment creditor that "it can engage in discovery in aid of execution to assist it in crafting the property description"). As such, the Notice to Appear is improper and should not be issued.

## CONCLUSION

For the foregoing reasons, Lifeforce requests that this Court deny Krevolin's Motion in its entirety; award Lifeforce reasonable attorneys' fees and costs; and granting such other and further relief this Court deems just and proper.

Dated: January 6, 2022

*/s/ Sarah Y. Guo*

**Kevin A. Reck**
Florida Bar No. 0505552
kreck@foley.com
**Sarah Y. Guo**
Florida Bar No. 0123826
sguo@foley.com
Foley & Lardner LLP
301 East Pine Street, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-7656
Facsimile: (407) 648-1743
**Attorneys for Cord for Life, Inc. and Syed M. Raheel**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2022, I filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Sarah Y. Guo*
Sarah Y. Guo
Florida Bar No. 0123826