# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KREVOLIN & HORST, LLC,

Plaintiff,

v. Case No: 6:20-mc-41-RBD-LHP

SYED M. RAHEEL and
LIFEFORCE CRYOBANK SCIENCES,
INC.

Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMMENCE PROCEEDINGS SUPPLEMENTARY AND TO IMPLEAD THIRD PARTIES WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 16)** |
| **FILED:** | **December 23, 2021** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I. INTRODUCTION.

This case concerns post-judgment proceedings related to an underlying case instituted by Plaintiff Krevolin & Horst, LLC ("Plaintiff") against Defendants Lifeforce Cryobank Sciences, Inc. ("Lifeforce") and Syed M. Raheel in the United States District Court for the Northern District of Georgia. On October 21, 2020, a final Attorney Fee Judgment was entered solely against Lifeforce and in favor of Plaintiff, in the amount of $579,105.80. Doc. No. 1.[1] On November 4, 2020, Plaintiff registered the final Attorney Fee Judgment in this Court pursuant to 28 U.S.C. § 1963. *Id.* On December 13, 2021, Plaintiff sought issuance of a writ of execution against property owned by Lifeforce. Doc. No. 15. *See also* Doc. No. 15-1.[2] And on January 4, 2022, the Court granted the motion and directed the Clerk to issue the proposed writ. Doc. No. 18. *See also* Doc. No. 19 (writ of execution issued January 5, 2022). In the interim, Plaintiff has been engaging in post-judgment discovery efforts, and a Motion to Quash filed by non-parties Cord for Life, Inc. and Syed M. Raheel remains pending before the Court. *See* Doc. No. 4.

---

[1] According to the parties' filings, Syed M. Raheel was dismissed as a Defendant from the underlying case. *See* Doc. No. 4, at 2.

[2] Plaintiff filed an initial motion for issuance of writ of execution on December 6, 2021, but that motion was denied without prejudice for failure to comply with Local Rule 3.01(a). Doc. Nos. 12, 14.

On December 23, 2021, Plaintiff filed the above-styled motion, seeking to institute proceedings supplementary in aid of execution of the foreign judgment and to implead Cord for Life, Inc. into these proceedings. Doc. No. 16. To support its motion, Plaintiff includes: (1) an Affidavit of Judgment and in Support of Motion for Proceedings Supplementary by Plaintiff's counsel (Doc. No. 16-1); (2) records from the Florida Department of State related to Cord for Life, Inc. (Doc. No. 16-2); (3) a proposed "Impleader Complaint" against Lifeforce and Cord for Life, Inc. (Doc. No. 16-3); (4) a Notice to Appear directed to Cord for Life, Inc. (Doc. No. 16-4); and (5) a Supplemental Affidavit of Judgment Lien in Support of Motion for Proceedings Supplementary by Plaintiff's counsel (Doc. No. 21). Lifeforce opposes the motion as procedurally improper. Doc. No. 20. The motion has been referred to the undersigned, and the matter is ripe for review.

## II. APPLICABLE LAW.

### A. <u>Jurisdiction</u>.

This Court has jurisdiction to enforce the foreign judgment pursuant to 28 U.S.C. § 1963. Under § 1963, "[a] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . ." 28 U.S.C. § 1963. With this registration, the foreign judgment has "the same effect as a judgment of the district

court of the district where registered and may be enforced in like manner," and this procedure "is in addition to other procedures provided by law for the enforcement of judgments." *Id.*

B. Proceedings Supplementary.

"Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294-CIV, 2011 WL 915669, at *1 (S.D. Fla. Mar. 16, 2011) (citations omitted). Federal Rule of Civil Procedure 69(a) provides:

> **(1)** ***Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> **(2)** ***Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Because Rule 69(a) provides that proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, Florida law applies when proceedings supplementary are instituted in

this Court. *Wubben v. Kirkland*, No. 6:08-cv-1105-Orl-22DAB, 2012 WL 12951413, at *1 (M.D. Fla. Sept. 11, 2012).

Section 56.29, Florida Statutes provides, in pertinent part:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien . . . the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

In such motion and supplemental affidavit, the judgment creditor must "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2). If the property is in the custody or control of a person other than the judgment debtor, the court then must issue a notice to appear and require a responsive affidavit. *Id.* The court may order property of the judgment debtor not exempt from execution to be applied to satisfy the judgment. *Id.* § 56.29(6).

C. Impleader.

Fla. Stat. § 56.29(2) "governs the process for bringing third parties into proceedings supplementary." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1120 (Fla. 4th Dist. Ct. App. 2018). "After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor

held by another, or assets that have been fraudulently transferred to another. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests." *Kennedy v. RES-GA Lake Shadow, LLC*, 224 So. 3d 931, 933 (Fla. 1st Dist. Ct. App. 2017) (citations omitted).

Section 56.29(2) requires the judgment creditor to, either in the initial motion and affidavit or in a supplemental affidavit, "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Fla. Stat. § 56.29(2). After the judgment creditor files such affidavit, the Court must issue a Notice to Appear that describes "with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." *See id.*

## III. ANALYSIS.

### A. Proceedings Supplementary.

"The two prerequisites to institution of proceedings supplementary are: (1) the sheriff holds an unsatisfied execution; and (2) the judgment creditor files an affidavit so stating and that the execution is valid and outstanding." *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1539–40 (S.D. Fla. 1995) (citations omitted).

Here, Plaintiff has obtained a writ of execution. Doc. No. 19. Plaintiff has also filed an affidavit by its counsel, which states that the writ of execution is valid and outstanding, and remains unsatisfied. Doc. No. 21. Accordingly, despite Lifeforce's arguments to the contrary,[3] Plaintiff's request to institute proceedings supplementary is due to be granted. *See generally Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (district court has ancillary jurisdiction to entertain proceedings supplementary and no discretion to deny the motion if the required statutory showing is made).[4] *See also Gaggio v. Lake Austin Props. I, Ltd.*, No. 6:10-cv-1942-Orl-22KRS, 2011 WL 6987077, at *1 (M.D. Fla. Dec. 21, 2011) (citations omitted) ("Plaintiffs' counsel filed the affidavit required by section

---

[3] In response to Plaintiff's motion to institute proceedings supplementary, Lifeforce argues that the motion is procedurally improper because Plaintiff did not possess an unsatisfied writ of execution at the time the motion was filed, in that Plaintiff filed the motion on December 23, 2021, and the writ of execution issued thereafter. Doc. No. 20, at 4–6. *See* Doc. Nos. 16, 18, 19. Yet, Lifeforce acknowledges that Plaintiff had obtained a writ of execution in the interim, and provides no legal authority demonstrating that the issue did not therefore become ripe for resolution at that time. *See* Doc. No. 20, at 5–6. And notably, Plaintiff has since filed a supplemental affidavit in support of its motion and regarding the writ of execution, which Lifeforce has not challenged. *See* Doc. No. 21. Accordingly, although the Court agrees with Lifeforce that the motion to institute proceedings supplementary failed to comply with all prerequisites at the time it was filed, the Court finds that, absent authority to the contrary, because Plaintiff has since obtained the writ of execution and filed an uncontroverted affidavit demonstrating that the writ is valid, outstanding, and remains unsatisfied, the issue is now ripe for the Court's resolution.

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

56.29(1). This is all that is required to begin proceedings supplementary to execution."), *report and recommendation adopted*, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012); *Wubben*, 2012 WL 12951413, at *2 (same).

B. Impleader.

Plaintiff also seeks to implead third party Cord for Life, Inc. Doc. No. 16, at 8–9. Plaintiff appears to be asking this Court to permit the filing of a supplemental complaint against Cord for Life, Inc. (Doc. No. 16-3), as well as to issue a Notice to Appear to Cord for Life pursuant to Fla. Stat. § 56.29(2) (Doc. No. 16-4). Doc. No. 16, at 8–9. In support, Plaintiff asserts:

> Plaintiff has a reasonable and justified good faith belief that CFL is the successor or continuation of Lifeforce, the alter ego of Lifeforce, or fraudulent transferee of substantially all of Lifeforce's assets. CFL was formed and used to defraud Lifeforce's creditors, concealing income generated by Lifeforce, evading Lifeforce's financial obligations, and avoiding the enforcement of the Judgment against Lifeforce and its assets. Therefore, CFL is appropriately impleaded into this case.

*Id.*

Lifeforce opposes on several grounds, including that Plaintiff is allegedly seeking to initiate duplicate proceedings in both this Court and state court[5]; Plaintiff's accusations in the proposed Impleader Complaint regarding any

---

[5] Lifeforce states that Plaintiff filed "a nearly identical action" in state court on December 22, 2021. Doc. No. 20, at 6–7.

relationship between Lifeforce and Cord for Life, Inc. are unsupported and/or the evidence mischaracterized; Plaintiff has failed to conduct any post-judgment discovery efforts as it relates to the only judgment debtor—Lifeforce; and the Notice to Appear included with Plaintiff's motion improperly fails to describe property with reasonable particularity as required under Florida law. Doc. No. 20, at 6–12.[6]

Upon consideration, the request to implead Cord for Life, Inc. will be granted in part and denied in part. "While impleader of third parties is not specifically addressed in Section 56.29, Florida Statutes, it appears that because the statute allows the Court to ultimately levy property being held by third parties and provides for the entry of any orders to carry out the purpose of the statute, impleader is permitted under the statute." *Reliance Ins. Co. v. Safeharbor Employer Servs. I, Inc.*, No. 6:04-cv-1236-Orl-31GJK, 2009 WL 10672176, at *5 (M.D. Fla. Apr. 1, 2009); *see also Orix Financial Servs., Inc., v. Water & Sewer Utility Constr., Inc.*, 274 F. App'x 773 (11th Cir. 2008) (affirming judgment allowing third party impleader in

---

[6] Notably, with respect to the first three contentions, Lifeforce cites no legal authority demonstrating that proceedings supplementary are improper merely because there are parallel state court proceedings; because Lifeforce disputes the allegations Plaintiff makes against both it and the party to-be-impleaded; or because Plaintiff has allegedly failed to conduct post-judgment discovery directed to Lifeforce. *See* Doc. No. 20, at 6–10. Accordingly, the Court declines to find that these contentions preclude Plaintiff's ability to institute proceedings supplementary. However, insofar as Lifeforce argues that the Notice to Appear is improper, that argument is further addressed *infra*.

proceedings supplementary to determine issue of fraudulent transfer). Indeed, under Florida law, if the plaintiff satisfies the jurisdictional requirements of § 56.29 and alleges that the judgment debtor has transferred property "to delay, hinder, or defraud creditors," then "[n]o other showing is necessary in order to implead the third party." *Forster*, 648 F. App'x at 851 (quoting *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So. 2d 1027, 1028 (Fla. 4th Dist. Ct. App. 1998)).

Here, as discussed above, Plaintiff has met the statutory prerequisites set forth in Fla. Stat. § 56.29. And Plaintiff has alleged that Lifeforce has transferred property to Cord for Life, Inc. to defraud creditors, rendering impleader of Cord for Life Inc. appropriate. *See Forster*, 648 F. App'x at 851. Therefore, Plaintiff's motion will be granted, to the extent that Cord for Life, Inc. will be impleaded in this case pursuant to Fla. Stat. § 56.29. *See id.*; *Dealer Specialities Int'l, Inc. v. Car Data 24/7, Inc.*, No. 6:18-mc-58-CEM-LHP, Doc. Nos. 14, 19 (M.D. Fla. July 11, 2019) (impleading third party into proceedings supplementary); *Gaggio*, 2011 WL 6987077, at *2 (same), *report and recommendation adopted*, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012). *See also Kobarid Holding, S.A. v. Reizen*, No. 03-23269-CIV, 2007 WL 14294, at *2–3 (S.D. Fla. Jan. 2, 2007) (citations omitted) ("[A]n order impleading third parties under Fla. Stat § 56.29 does not determine the substantive rights of any party. It merely allows third parties to be sued.").

However, to the extent that Plaintiff seeks to implead Cord for Life, Inc. to hold that entity directly liable on the judgment, and to file a supplemental complaint against that entity for purposes of same, such request is due to be denied without prejudice. Specifically, although Plaintiff's motion rests primarily on Fla. Stat. § 56.29, in portions of its motion, as well as the Impleader Complaint, Plaintiff appears to ask that Cord for Life, Inc. be held directly liable on the judgment against Lifeforce. *See* Doc. Nos. 16, 16-3.

Proceedings supplementary fall within the ancillary jurisdiction of this Court. *KHI Liquidation Tr. v. S&T Painting*, No. 8:17-mc-133-T-35JSS, 2018 WL 1726435, at *1 (M.D. Fla. Apr. 10, 2018). But, the Court's ancillary jurisdiction does not extend "to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* *See also Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-cv-62688-BLOOM/Valle, 2019 WL 2297524, at *2 (S.D. Fla. May 30, 2019) ("In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party."); Fla. Stat. § 56.29(9) (requiring claimant to file a supplemental complaint against subsequent transferees of judgment debtor's assets for claims under Chapter 726, Florida Statutes).

Accordingly, while the Court has jurisdiction to implead Cord for Life, Inc. and disgorge Lifeforce assets fraudulently transferred to it, the Court lacks jurisdiction to hold Cord for Life, Inc. directly liable on the judgment unless Plaintiff establishes that the Court would have original jurisdiction over such claim. *See KHI Liquidation Tr.*, 2018 WL 1726435, at *1; *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 8:18-mc-00008-CEH-JSS, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) (explaining difference between alter ego liability and disgorgement for fraudulent transfer for purposes of impleader). Upon review of Plaintiff's proposed Impleader Complaint, to the extent that Plaintiff asserts that the Court would have jurisdiction over the matter based on the diversity of the parties (and to the extent that the Impleader Complaint would otherwise be proper), Plaintiff fails to adequately allege the parties' citizenship, and thus, that the parties are completely diverse. *See* Doc. No. 16-3 ¶¶ 1, 3–13.[7] As such, Plaintiff has failed to establish that the Court would have original jurisdiction over its claims against Cord for Life,

---

[7] For diversity jurisdiction purposes, an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). An unincorporated business entity, such as a partnership or limited liability company, is a citizen of every state in which each of its individual members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Inc. as set forth in the proposed Impleader Complaint. Accordingly, to the extent that Plaintiff requests in its present motion to implead Cord for Life, Inc. for purposes of holding Cord for Life, Inc. directly liable on the underlying judgment, and to file an Impleader Complaint directed toward same, such request will be **DENIED without prejudice**.

C. Notice to Appear.

"Once impleaded under § 56.29, the third party defendant must appear before the court and show cause why the contested property should not be applied toward satisfaction of the judgment creditor's judgment." *Office Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582-CIV, 2011 WL 1674963, at *3 (S.D. Fla. May 3, 2011). Such Notice must be in the form required by § 56.29(2). *See also In re Amendments to Fla. Rule of Civil Procedure 1.570 & Form 1.914*, 244 So. 3d 1009, 1010 (Fla. 2018) (providing required form for Notice to Appear). The Notice "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2); *see also SMS Fin. J, LLC*, 2018 WL 1726434, at *2 (noting that description "any property" is not the "reasonable particularity" required by § 56.29(2)).

Here, Plaintiff provides a proposed Notice to Appear with the motion. *See* Doc. No. 16-4. The Notice is in the form required by § 56.29(2). *See id.* The

Notice describes the following property improperly held by Cord for Life, Inc. as follows:

> All equipment, computers, furniture, fixtures, cash and all other tangible personal property, including, without limitation, inventories, wherever located, including all stem cell materials in storage, all collected blood samples in process, spare parts and all other materials and supplies to be used or consumed in the processing of blood, collection of stem cells from processed blood and storage of stern cells, together with any insurance on such property, which are not exempt from execution.
>
> All funds maintained with any financial institution, which are not exempt from execution.
>
> All receivables, including, without limitation, all debts, trade and customer accounts receivable arising from service (specifically including future commissions and/or residuals on all future premiums paid by accounts), notes receivable, insurance proceeds receivable, and any other obligations identified as an asset in books or records related to assets, which are not exempt from execution.
>
> All contracts, franchises, franchise rights, patents, trademarks, and other intangible property, including, without limitation, customer accounts and other rights to provide services to customers, which are not exempt from execution.
>
> All rights relating to deposits and prepaid expenses, claims for refunds and rights to offset in respect thereof, which are not exempt from execution.

*Id.* at 2–3.

As discussed above, Lifeforce argues that this description fails to describe the property with reasonable particularity. *See* Doc. No. 20, at 11–12. Upon consideration, the Court finds the property description sufficient, at this juncture,

to comply with § 56.29(2). *See, e.g.*, *Yurovskiy v. Impex Point, LLC*, No. 18-81288-CV, 2020 WL 3146499, at *3 (S.D. Fla. June 11, 2020) (finding proposed notice to appear describing "bank accounts" and "personal property" reasonably specific); *Dealer Specialities Int'l, Inc. v. Car Data 24/7, Inc.*, No. 6:18-mc-58-CEM-LHP, Doc. No. 19 (M.D. Fla. July 11, 2019) (issuing notices to appear with comparable property descriptions). *See also Art Remedy LLC v. Lana Moes Art, LLC*, No. 18-CV-61912, 2020 WL 4350728, at *2 (S.D. Fla. July 29, 2020) (rejecting request to "impose a requirement to specifically identify the property at issue")

Accordingly, pursuant to § 56.29(2), the Court issues the Notice to Appear, which is attached to this Order as an exhibit. Plaintiff is **DIRECTED** to serve the Notice to Appear on Cord for Life, Inc. in accordance with Chapter 48, Florida Statutes. *See* Fla. Stat. § 56.29(2).

D. <u>Attorney's Fees and Costs</u>.

Plaintiff includes a request for attorney's fees and costs in its prayer for relief, pursuant to Fla. Stat. § 56.29(8). Doc. No. 16, at 10. Any such request is premature, will be denied without prejudice, and may be renewed at the conclusion of these proceedings. *See* Local Rule 7.01.

## IV. CONCLUSION.

In sum, Cord for Life, Inc., may properly be impleaded into these proceedings. However, Plaintiff is seeking to pursue proceedings supplementary

against Cord for Life, Inc. via two separate procedural avenues: (1) by filing Notices to Appear through which disgorgement may occur; and (2) by serving a supplemental complaint through which Plaintiff seeks to hold Cord for Life, Inc., directly liable for the prior judgment. Plaintiff has satisfied the requirements for the first avenue, but has not yet satisfied the requirements for the second.

Accordingly, it is **ORDERED** as follows:

**1.** Plaintiff's Motion to Commence Proceedings Supplementary and to Implead Third Parties (Doc. No. 16) is **GRANTED in part**, to the extent that the Court institutes proceedings supplementary in aid of execution and impleads third party Cord for Life, Inc. in these proceedings.

2. Plaintiff shall promptly serve the Notice to Appear on Cord for Life, Inc. in accordance with Chapter 48, Florida Statutes. *See* Fla. Stat. § 56.29(2).

3. Plaintiff shall thereafter promptly file proof of service of the Notice to Appear with the Court.

4. In all other respects, Plaintiff's Motion (Doc. No. 16) is **DENIED without prejudice**. To the extent Plaintiff wishes to assert claims of direct liability against Cord for Life, Inc. via a supplemental complaint, Plaintiff may file a supplemental complaint against Cord for Life, Inc.,

but said supplemental complaint must properly allege subject matter jurisdiction over the claims raised therein.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties